IN THE DISTRICT COURT IN AND FOR ADAIR COUNTY
STATE OF OKLAHOMA

FILED
ADAIR COUNTY DISTRICT COURT
STILWELL, OK

AUG 27 2014

PAULA "SAM" McCARTER
COURT CLERK

KATHERINE LUNA, )
)
    Plaintiff, )
)
vs. ) Case No. CJ-2014- 57
)
AMERICAN NATIONAL PROPERTY ) Judge Brown
AND CASUALTY COMPANY, a foreign )
insurance company, )
)
    Defendant. )

## PETITION

COMES NOW Plaintiff, Katherine Luna, and alleges as follows against the Defendant, American National Property and Casualty Company ("ANPAC"):

### The Parties

1. On or about January 24, 2014, Plaintiff was insured under a policy of insurance with ANPAC, Policy No. 35-G-2RC058.

2. At the time the policy of insurance was entered into, and at the time the loss discussed herein occurred, Plaintiff was a resident of Cherokee County, Oklahoma.

3. ANPAC is a foreign insurance company authorized to do business in Oklahoma.

### Jurisdiction and Venue

4. Jurisdiction and venue of this matter is proper in this Court because the contract of insurance was entered into in Adair County, Oklahoma and the contract was breached in Adair County, Oklahoma.

### COUNT I:   BREACH OF CONTRACT

5. At all material times, the policy of insurance was in full force and effect and insured the Plaintiff's home and contents from loss, including but not limited to fire losses.

6. On or about January 24, 2014, the insured property was damaged by fire. The fire caused significant structural damage and destroyed a large amount of Plaintiff's contents.

7. Plaintiff submitted a proper proof of loss on or about February 24, 2014, and has complied with all the conditions of the insurance policy.

8. ANPAC has failed and refused to pay Plaintiff's proof of loss as required under the insurance contract, nor has it properly responded to the proof of loss as required by statute.

9. As a result of ANPAC's breach of the subject insurance contract, the Plaintiff is entitled to receive from ANPAC the approximate sum of $33,081.65 as the full amount of coverage provided under the insurance policy, along with his costs, attorneys' fees, and all other relief the Court deems proper under the circumstances.

### COUNT II:   BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

10. Plaintiff incorporates paragraphs 1 through 9 above as if fully restated herein.

11. Implied in each and every contract of insurance, including the insurance contract ANPAC issued to Plaintiff, is a covenant of good faith and fair dealing.

12. ANPAC was required under the insurance policy to pay Plaintiff's claim and not unreasonably delay or make "lowball" offers on the claim.

13. ANPAC did not deal with Plaintiff fairly and in good faith by unreasonably refusing to pay Plaintiff's claim under the circumstances because, among others, ANPAC delayed payment and investigation of the claim, did not perform a proper investigation of Plaintiff's claim, ANPAC did not evaluate the results of the investigation properly, ANPAC did

not have a reasonable basis for refusing and/or failing to pay Plaintiff's claim, ANPAC did not offer or pay the full value of the claim, and/or ANPAC did not assist the Plaintiff in submitting the claim and caring for the property damaged by the loss.

14. ANPAC did not deal fairly and in good faith with Plaintiff.

15. Plaintiff suffered damages as a result of ANPAC's failure to deal with her fairly and in good faith.

16. ANPAC's breach of the duty of good faith and fair dealing was either in reckless disregard to its duty with its insured, or was done intentionally and with malice toward its insured, entitling Plaintiff to punitive damages without regard to the limitations set forth in OKLA. STAT. tit. 23, § 9.1.

## PRAYER FOR DAMAGES

WHEREFORE, the Plaintiff demands a jury and prays for judgment against the Defendant, American National Property and Casualty, for the sum of $33,081.65 with interest thereon as allowed by law, plus additional damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, including but not limited to "bad faith" damages and punitive damages in an amount sufficient to punish ANPAC for its conduct, the costs of this action, attorneys' fees incurred by the Plaintiff, and such other relief this Court deems appropriate under the circumstances.

Respectfully Submitted,

*Rusty Smith*

Rusty Smith, OBA No. 19575
Brennan, Smith & Cherbini, PLLC
P. O. Box 1067
Cherokeee, OK 74402-1067
Telephone: 918.687.4400
Facsimile: 918.684.4430

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED